**UNITED STATES of America, Plaintiff-Appellee,**

v.

**55 GAMBLING DEVICES and Nick Putch, d/b/a Southern Music & Cigarette Company, Defendant-Appellant.**

**No. 74–1117.**

United States Court of Appeals, Fifth Circuit.

Dec. 23, 1974.

See also D.C., 353 F.Supp. 66.

Herman F. Sockrider, Jr., Shreveport, La., for defendant-appellant.

Donald E. Walter, U. S. Atty., L. Edwin Greer, Asst. U. S. Atty., Shreveport, La., Fred Bennett, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before GEWIN, AINSWORTH and GEE, Circuit Judges.

PER CURIAM:

This case involves the forfeiture of 55 gambling devices seized by the Federal Bureau of Investigation from the appellant Nick Putch. The use of the gambling devices was held to be in violation of 15 U.S.C. § 1173(a)(3) and they were ultimately condemned to the government.

The appellant's sole contention on appeal is that he had no knowledge of the requirement in 15 U.S.C. § 1173(a)(3) to register with the attorney general before engaging in the gambling device business. Our examination of the record convinces us that even if knowledge on the part of the appellant was necessary to validate the forfeiture, there was sufficient evidence to sustain the comprehensive statement of the district court that it found no support for any of appellant's defenses. Testimony was taken specifically for the purpose of establishing whether the appellant had knowledge of the registration requirements. The testimony revealed that appellant had been engaged in the gambling device business for many years, and that in the course of his business he received literature from companies advertising gambling devices. Samples of this literature, which included warnings about registration requirements, were introduced in evidence. It is clear that the district court could have fairly inferred that a person engaging in the

gambling device business over an extended period of time, and who was regularly receiving advertising circulars like the kind shown to include warnings, had knowledge of the registration requirements of the statute.

Affirmed.